Dear Mr. Moore:
You have requested an opinion of the Attorney General in your capacity as Vice President of Financial Services for the Opelousas General Hospital (Hospital).
It is our understanding from your correspondence that the Hospital is a public hospital trust that maintains a Social Security Replacement Plan (the "Plan") for the benefit of its employees. The Plan is qualified under § 401 (a) of the Internal Revenue Code (the "IRC"). Contributions to the Plan are made from employee contributions which may be treated as employer contributions for Federal income tax purposes under § 414 (h) of the IRC. Hospital employees are paid with funds of the Hospital trust, and it is from such funds that contributions to the Plan are made. The plan, itself, contains provisions by which contributions can be made to an insurance company licensed to do business in Louisiana. All of the assets of the Plan are fully insured and held under contract by a licensed life insurance company.
Given the above scenario, you ask whether Louisiana law requires the assets of the Plan to be placed in trust. You further ask whether Louisiana law requires the posting of a bond or other security for funds held in this Plan, including those held by an insurance company. It is your position that, because the Plan is a government plan, it is not subject to the trust requirements of the Employee Retirement Income Security Act (ERISA) found at § 403 (a).
Initially, we agree with your conclusion that government plans are not subject to the trust requirements of ERISA. Section 404 (a)(2) deals with an employer's deduction for contributions to an employee's trust or annuity plan. It provides that contributions by an employer under an annuity plan are not deductible, but, if they would otherwise be deductible, they shall be deductible under said Section, subject to the limitations contained therein. In the case of an annuity contract treated as a trust, the person holding the annuity contract (i.e., the group contract holder), is treated as the trustee.
In the present case, since the Plan's assets are held under contracts issued by a life insurance company, the Plan may be in compliance with the IRC. The Plan can retain its qualified status without the use of a separate trust instrument through the use of qualifying insurance company contracts if such contracts would, except for the fact that they are not a trust, satisfy all the requirements for qualification. We turn now to the issue of bonding.
Bonding is an ERISA requirement. No parallel requirement is found in the IRC. Because ERISA does not apply to a governmental plan, bonding is not required.
Finally, we have reviewed this State's statutory provisions relative to your questions, including the Louisiana Trust Code (the "Code"). We find no legal requirement for the assets of the plan to be placed in trust. Further, Louisiana law does not require the posting of a bond or other security for funds held in the Plan by the insurance company.
Accordingly, it is the opinion of this office that neither state nor federal laws and/or regulations mandate that the assets of the Plan contemplated in your request be placed in trust. Further, neither state nor federal laws and/or regulations require bonding for these funds.
Trusting this adequately responds to your inquiries, I am
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob III/cla